[No. 65375-0-I.   Division One.   July 25, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. KERRY LOUIS
PARENT, *Appellant*.

*Jennifer L. Dobson* and *Dana M. Nelson* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Deborah A. Dwyer* and *Kristin A. Relyea, Deputies*, for respondent.

¶1 GROSSE, J. — Where a statute is susceptible to two different interpretations, it is ambiguous and the rule of lenity requires that the statute be interpreted in favor of the defendant. We reverse the trial court.

## FACTS

¶2 On November 19, 2009, Kerry Parent pleaded guilty to two counts of fourth degree assault, both misdemeanors. He was sentenced to two consecutive 12-month jail terms. The court imposed 8 months of confinement and suspended the balance of the sentence for a period of 24 months on each count, to run consecutively to each other, for a total period of 48 months' probation.

¶3 Parent moved to reconsider the judgment and sentence, arguing that the trial court had no authority to impose probation for a length of time in excess of the maximum term set forth in RCW 9.95.210. The court denied the motion and Parent appeals.

## ANALYSIS

■ ¶4 Issues of statutory construction are reviewed de novo.[1] If the plain words of a statute are unambiguous, we need not inquire further.[2] If, however, the statute is susceptible to more than one reasonable interpretation, it is ambiguous.[3] If there is no legislative intent to the contrary, the rule of lenity necessitates an interpretation that favors the defendant.[4]

■ ■ ¶5 The trial court lacks inherent authority to suspend a sentence.[5] The power to suspend a sentence must be granted by the legislature.[6] Under RCW 9.92.060 and RCW 9.95.210, the trial court has discretionary authority to suspend a defendant's sentence and place the defendant on probation. Here, the trial court suspended Parent's sentence pursuant to RCW 9.95.210(1), which provides:

> In granting probation, the superior court may suspend the imposition or the execution of the sentence and may direct that the suspension may continue upon such conditions and for such time as it shall designate, not exceeding the maximum term of sentence or two years, whichever is longer.

The pivotal language in the statute reads "not exceeding the maximum term of sentence or two years, whichever is longer." The statute is silent as to whether the term "sentence" refers to the cumulative sentence imposed in the one judgment and sentence, or to the individual sentence imposed on each count.

¶6 Parent argues the judgment and sentence encompassed a total of 24 months, representing the two consecu-

---

[1] *State v. Lilyblad*, 163 Wn.2d 1, 6, 177 P.3d 686 (2008).

[2] *State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010).

[3] *State v. Jacobs*, 154 Wn.2d 596, 600-01, 115 P.3d 281 (2005).

[4] *Jacobs*, 154 Wn.2d at 600-01.

[5] *State v. Gibson*, 16 Wn. App. 119, 127-28, 553 P.2d 131 (1976).

[6] *State v. Butterfield*, 12 Wn. App. 745, 747, 529 P.2d 901 (1974).

tive 12-month terms of imprisonment. Under RCW 9.95-.210(1), the sentence may be suspended for the "maximum term of sentence or two years, whichever is longer." Because the maximum term of the sentence and the two years are the same, Parent argues that the trial court lacked authority to impose probation for more than 24 months. Under Parent's reasoning, a single sentence may impose more than one term of imprisonment, which the court may order to be served either consecutively or concurrently.[7]

¶7 The State's interpretation of the term sentence is equally valid. It contends that the term "maximum term of sentence" refers to the statutory maximum amount of time faced by a defendant on each individual count for which he received an individual sentence. To support this, the State cites RCW 9.95.010. Although RCW 9.95.010 applies only to pre-Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, felonies, it specifically defines "maximum term" as "the maximum provided by law for the crime of which such person was convicted." Similarly, RCW 9.95.100 mandates that a defendant convicted of a felony prior to the SRA must be discharged from custody after "serving the maximum punishment provided by law for the offense." Thus, the State argues that the legislature's consistent linking of "maximum term" and "maximum punishment" with a singular "crime" or "offense" is evidence that the legislature intended "maximum term of sentence" to refer to the maximum sentence on each count, rather than the maximum sentence on all counts combined as argued by Parent.

¶8 The rule of lenity requires the court to construe a statute strictly against the State in favor of the defendant " '[w]here two possible constructions are permissible.' "[8] Because the statute is ambiguous, it must be construed in

---

[7] *See* RCW 9.94A.190(1) ("A sentence that includes a term or terms of confinement . . . .").

[8] *Staats v. Brown*, 139 Wn.2d 757, 769, 991 P.2d 615 (2000) (quoting *State v. Gore*, 101 Wn.2d 481, 485-86, 681 P.2d 227 (1984)).

Parent's favor. Accordingly, the trial court erred in imposing consecutive probationary sentences.

¶9 We reverse.

Cox and SPEARMAN, JJ., concur.