FILED
COURT OF APPEALS
DIVISION II

2014 OCT -7 AM 10: 56

STATE OF WASHINGTON

BY

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON | No. 44417-8-II |
| Respondent. | |
| v. | |
| ANGELA MARIE RODRIGUEZ, | PUBLISHED OPINION |
| Appellant. | |

LEE, J. — Angela Marie Rodriguez appeals two domestic violence (DV) violation of a no-contact order (VNCO) sentences. She argues that the trial court improperly calculated her offender score for the felony DV-VNCO by counting her concurrent gross misdemeanor DV-VNCO conviction as one point under the repetitive domestic violence provision of the Sentencing Reform Act (SRA)[1]. She also challenges the length of the suspended sentence, community custody, and no-contact order imposed on her gross misdemeanor DV-VNCO conviction. The State concedes these alleged errors.[2]

We accept the State's concession of error regarding the length of Rodriguez's suspended gross misdemeanor sentence, community custody, and no-contact order. However, we reject the State's concession of error regarding the calculation of her offender score on the felony DV–VNCO. Accordingly, we affirm the trial court's offender score calculation and sentence for the

---

[1] Ch. 9.94A RCW.

[2] The State acknowledges that its concession on the offender score calculation for the felony DV-VNCO issue is contrary to the position taken by trial counsel and the Caseload Forecast Council, which publishes the Washington State Adult Sentencing Guidelines Manual.

felony DV-VNCO conviction. We reverse the sentence for the gross misdemeanor DV-VNCO conviction and remand to the trial court to resentence Rodriguez on the gross misdemeanor DV-VNCO by correcting the length of the suspended sentence, community custody, and no-contact order.

## FACTS

On November 13, 2012, the State charged Rodriguez with one count of felony DV-VNCO and one count of gross misdemeanor DV-VNCO. These charges resulted from the same incident, but involved different victims. Rodriguez pleaded guilty to both charges on December 14, 2012.

Rodriguez was sentenced on December 21, 2012. For purposes of calculating Rodriguez's offender score for the felony DV-VNCO, the trial court determined that Rodriguez's gross misdemeanor DV-VNCO would be considered a "prior conviction" and, thus, calculated her offender score as 1 rather than 0. Based on an offender score of 1, the trial court sentenced Rodriguez to 14 months' total confinement and 12 months of community custody on the felony DV-VNCO conviction. On the gross misdemeanor DV-VNCO conviction, the trial court sentenced Rodriguez to 364 days' confinement with 50 days of credit for time served, and suspended the remaining 314 days for 60 months on community custody. Rodriguez's community custody provisions on the suspended sentence included a 60 month no-contact order with the victim. Rodriguez appeals the calculation of her offender score on the felony DV-VNCO conviction and the length of her suspended sentence, community custody, and no-contact order on her gross misdemeanor DV-VNCO conviction.

ANALYSIS

A.    FELONY DV-VNCO OFFENDER SCORE

Rodriguez first argues that the trial court miscalculated her offender score on the felony DV-VNCO sentence by counting her gross misdemeanor DV-VNCO conviction as a prior conviction under RCW 9.94A.525(21)(c) of the SRA.   Rodriguez asserts that under RCW 9.94A.525(21)(c), a gross misdemeanor or misdemeanor DV conviction may be included in an offender score only if it (1) was committed prior to (temporally before) the felony being sentenced and (2) is repetitive (part of a pattern).  We disagree.  Interpreting RCW 9.94A.525(21)(c) together with related statutes shows that the legislature intended to have a gross misdemeanor DV conviction count as one point in the offender score for a felony DV conviction even if both offenses were committed as part of the same incident.  Therefore, we affirm the trial court's calculation of Rodriguez's offender score on the felony DV-VNCO conviction.

1.    Mootness

As an initial matter, Rodriguez was sentenced to 14 months' confinement and she has finished serving her term of confinement.  Therefore, Rodriguez's assignment of error regarding the calculation of her offender score is moot.  "'A case is moot if a court can no longer provide effective relief.'" *State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004) (quoting *State v. Gentry*, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995)).  The remedy for an improperly calculated offender score is remand for resentencing using the correct offender score.  Thus, the relief is generally less confinement due to a lower offender score.  *Ross*, 152 Wn.2d at 228 (citing *State v. Ford*, 137 Wn.2d 472, 485, 973 P.2d 452 (1999)).  Because Rodriguez has served her term of confinement, there is no relief that we can grant and Rodriguez's challenge to her offender score is moot.

"However, if a case presents an issue of continuing and substantial public interest and that issue will likely reoccur, we may still reach a determination on the merits to provide guidance to lower courts." *Ross*, 152 Wn.2d at 228 (citing *State v. Blilie*, 132 Wn.2d 484, 488 n.1, 939 P.2d 691 (1997)). There is a continuing and substantial public interest in ensuring that offenders are sentenced with the correct offender score. *See* RCW 9.94A.525(22). And, the State has informed us that the prevailing practice, followed by most prosecutors in the State, is to calculate offender scores consistently with the manner in which the trial court calculated Rodriguez's offender score on the felony DV-VNCO in this case. Therefore, the issue regarding the proper calculation of an offender score based on RCW 9.94A.525(21)(c) is likely to reoccur, and our opinion here will provide valuable guidance to the lower courts. Accordingly, we reach the merits of Rodriguez's claim.

### 2. Interpretation of RCW 9.94A.525(21)(c)

#### a. Standard of Review

We review the calculation of an offender score de novo. *State v. Bergstrom*, 162 Wn.2d 87, 92, 169 P.3d 816 (2007). Statutory interpretation also is a question of law this court reviews de novo. *State v. Rice*, 180 Wn. App. 308, 313, 320 P.3d 723 (2014) (citing *State v. Franklin*, 172 Wn.2d 831, 835, 263 P.3d 585 (2011)).

We employ statutory interpretation to determine and give effect to the legislature's intent. *State v. Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013); *Rice*, 180 Wn. App. at 313. To determine legislative intent, we first look to the plain language of the statute considering the text of the provision in question, the context of the statute, and the statutory scheme as a whole. *Evans*, 177 Wn.2d at 192. In determining the plain meaning, we must consider "the text of the provision

in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." *Evans*, 177 Wn.2d at 192. Only "[i]f the statute is still susceptible to more than one interpretation after we conduct a plain meaning review, then the statute is ambiguous and we rely on statutory construction, legislative history, and relevant case law to determine legislative intent." *Rice*, 180 Wn. App. at 313.

b. RCW 9.94A.525(21)(c)

The sentencing provision at issue here is RCW 9.94A.525(21)(c). RCW 9.94A.525(21) states:

> If the present conviction is for a felony domestic violence offense where domestic violence as defined in RCW 9.94A.030 was plead and proven, count priors as in subsections (7) through (20) of this section; however, count points as follows:
> (c) Count one point for each adult prior conviction for a repetitive domestic violence offense as defined in RCW 9.94A.030, where domestic violence as defined in RCW 9.94A.030, was plead and proven after August 1, 2011.[3]

The plain language of RCW 9.94A.525(21)(c) uses the words "prior" and "repetitive." The plain language definition of "prior" is "earlier in time or order: preceding temporally, causally, or psychologically." WEBSTER'S THIRD INTERNATIONAL DICTIONARY at 1804 (1969). And, repetitive means "containing repetition." WEBSTER'S, *supra*, at 1924-25.

Rodriguez argues that under the plain language of RCW 9.94A.525(21)(c), a conviction for a DV offense can be counted as one point under RCW 9.94A.525(21)(c) only if it (1) occurred temporally before the current felony DV offense and (2) is repetitive (part of a pattern). Therefore,

---

[3] RCW 9.94A.030(20) defines "domestic violence" as having the same meaning as defined in RCW 10.99.020 and RCW 26.50.010. RCW 10.99.020(5)(r) defines "domestic violence" as a violation of a no-contact order when committed by one family or household member against another. Here, there is no dispute that both the felony and gross misdemeanor VNCO convictions were domestic violence because they were committed against her parents. RCW 10.99.020(3).

according to Rodriguez, her gross misdemeanor DV-VNCO should not have counted as one point because her gross misdemeanor DV-VNCO was committed at the same time as her felony DV offense, was against a different victim, and was not part of a repetitive pattern.

Rodriguez's interpretation of RCW 9.94A.525(21)(c) fails to account for the sentencing scheme employed within the SRA as a whole. Provisions governing the calculation of an offender score are unique because they must be applied within the complex framework of the SRA. Statutes are interpreted to give effect to all language in the statute and to render no portion meaningless or superfluous. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). And, even when examining the plain language of a statute, we must consider "the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." *Evans*, 177 Wn.2d at 192. Therefore, we must consider the meaning of RCW 9.94A.525(21)(c) within the context of the SRA as a whole in order to determine the plain meaning of the provision.

To interpret the effect of RCW 9.94A.525(21)(c) within the SRA as a whole, we must begin with RCW 9.94A.505 and RCW 9.94A.530. When an offender is sentenced on a felony, RCW 9.94A.505(2)(a)(i) requires that a trial court impose a standard range sentence unless another term of confinement applies. And, RCW 9.94A.530 dictates that an offender's standard sentencing range is determined by using the seriousness level of the offense for which the offender is being sentenced and the offender score for the offense for which the offender is being sentenced.

At issue here is the appropriate calculation of Rodriguez's offender score for a felony DV offense. When Rodriguez was sentenced, her only criminal history was the gross misdemeanor DV-VNCO arising from the same incident as the felony DV-VNCO for which her offender score

was being calculated. To be counted as one point for the purposes of calculating Rodriguez's

offender score on her felony DV-VNCO, the gross misdemeanor DV-VNCO must be (1) a prior

conviction under the SRA and (2) a repetitive DV offense as defined in RCW 9.94A.030(41).[4]

(1)     Prior conviction requirement under the SRA

Generally, an offender score is calculated based on RCW 9.94A.525. RCW 9.94A.525(1)

defines what is considered a "prior conviction" and states:

> A prior conviction is a conviction which exists before the date of sentencing for the
> offense for which the offender score is being computed. Convictions entered or
> sentenced on the same date as the conviction for which the offender score is being
> computed shall be deemed "other current offenses" within the meaning of RCW
> 9.94A.589.

Thus, when an offender is being sentenced on two or more current offenses, we must also consider

RCW 9.94A.589. RCW 9.94A.589(1)(a)[5] states:

---

[4] To be clear, we are determining the proper calculation of Rodriguez's offender score on the felony DV-VNCO for the purpose of determining Rodriguez's standard range sentence for the felony DV-VNCO. We understand that the SRA does not apply to misdemeanors or gross misdemeanors. *See* RCW 9.94A.010 ("The purpose of this chapter is to make the criminal justice system accountable to the public by developing a system for the sentencing of felony offenders.").

Although, the SRA generally does not use misdemeanors or gross misdemeanors in calculating an offender score, it does have rules that allow misdemeanors and gross misdemeanors to be counted towards a felony offender's offender score when that offender is being sentenced for a particular crime. *See, e.g.*, RCW 9.94A.525(11) (scoring prior convictions for serious traffic offenses—including nonfelony DUI, nonfelony physical control, reckless driving—if the conviction for which the offender's offender score is being calculated is a felony traffic offense); RCW 9.94A.525(20) (scoring prior convictions for second degree vehicle prowling—a gross misdemeanor—if the conviction for which the offender score is being calculated is theft of a motor vehicle, possession of a stolen vehicle or first or second degree taking a motor vehicle without permission). These rules allow misdemeanors and gross misdemeanors to be used to calculate an offender score on a felony offense to which the SRA offender score rules apply; they do not impermissibly make the SRA applicable to misdemeanor and gross misdemeanor convictions.

[5] In LAWS OF 2014, ch. 101, §1, the legislature amended former RCW 9.94A.589(1)(a) (2002). The 2014 amendments do not change our analysis.

> Except as provided in (b), (c), or (d) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime.

Here, the salient question is whether Rodriguez's conviction for gross misdemeanor DV-VNCO is a "prior conviction" under RCW 9.94A.525(1) or RCW 9.94A.589(1)(a) such that it is counted as a point under RCW 9.94A.525(21)(c) when calculating Rodriguez's offender score for her felony DV-VNCO. We must conclude that it is.

A conviction is an "adjudication of guilt pursuant to Title 10 or 13 RCW and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." RCW 9.94A.030(9). Rodriguez pleaded guilty to the gross misdemeanor DV-VNCO charge on December 14, 2012. She was being sentenced for the felony DV-VNCO conviction (the offense for which her offender score was being calculated) on December 21. Under the plain language of RCW 9.94A.525(1), Rodriguez's gross misdemeanor DV-VNCO is a prior conviction because it is an adjudication of guilt that existed prior to the sentencing on the felony DV-VNCO.

Moreover, even if we did not consider Rodriguez's gross misdemeanor DV-VNCO a prior conviction under the definition in RCW 9.94A.525(1), it still must be used as a prior conviction for the purposes of calculating Rodriguez's offender score for her felony DV-VNCO under RCW 9.94A.589(1)(a), which states that "the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score." The only time a current conviction is not counted as though it were a prior conviction under RCW 9.94A.589(1)(a) is if it is an "other current offense" that is the same

8

criminal conduct as the offense for which the offender score is being calculated. Although Rodriguez's gross misdemeanor DV-VNCO is an "other current offense" as it relates to the felony DV VNCO, it is not the same criminal conduct as the felony DV-VNCO. Therefore, under RCW 9.94A.589(1)(a) Rodriguez's gross misdemeanor DV-VNCO conviction is an "other current conviction" that is used as a prior conviction for the purposes of calculating Rodriguez's offender score on the felony DV-VNCO conviction.

(2)     Repetitive domestic violence requirement under the SRA

Having determined that Rodriguez's gross misdemeanor DV-VNCO conviction is considered a prior conviction for the purposes of calculating her offender score on the felony DV-VNCO, we turn to the question of whether it is a "repetitive" DV offense. Under RCW 9.94A.525(21)(c) each prior adult conviction for a "repetitive domestic violence offense" is counted as one point toward the offender's offender score. RCW 9.94A.030(41) defines "repetitive domestic violence offense" as a DV assault that is not a felony, a DV-VNCO that is not a felony, a DV violation of a protection order that is not a felony, DV harassment that is not a felony, and DV stalking that is not a felony. RCW 9.94A.030(41) does not qualify the definition of "repetitive domestic violence offense" with anything other than the type of offense. Therefore, Rodriguez's argument that the statute requires a repetitive pattern fails. Rodriguez's gross misdemeanor DV-VNCO is a "repetitive domestic violence offense" as defined in RCW 9.94A.030(41).

When analyzed within the statutory scheme of the SRA as a whole, Rodriguez's gross misdemeanor DV-VNCO is both a "prior conviction" and a "repetitive domestic violence offense" for the purposes of RCW 9.94A.525(21)(c). Accordingly, the trial court did not err by counting

Rodriguez's gross misdemeanor DV VNCO as one point toward her offender score on the felony DV-VNCO.

B.    GROSS MISDEMEANOR DV-VNCO SENTENCE

Rodriguez argues, and the State agrees, that the trial court erred by suspending Rodriguez's gross misdemeanor DV-VNCO sentence for 60 months and, as a result, improperly imposed terms of community custody, including a no-contact order with the victim, for 60 months.[6] We agree with Rodriguez and accept the State's concession of error.

Trial courts lack inherent authority to suspend a sentence. *Rice*, 180 Wn. App. at 312 (citing *State v. Gibson*, 16 Wn. App. 119, 127, 553 P.2d 131 (1976)). Therefore, a trial court's authority to suspend a sentence is limited to the manner provided by the legislature. *Rice*, 180 Wn. App. at 312. The legislature has authorized the superior court to suspend a sentence; however, it has limited the manner in which the superior court can suspend a sentence. RCW 9.92.064 states:

> In the case of a person granted a suspended sentence under the provisions of RCW 9.92.060, the court shall establish a definite termination date for the suspended sentence. The court shall set a date no later than the time the original sentence would have elapsed and may provide for an earlier termination of the suspended sentence. Prior to the entry of an order formally terminating a suspended sentence the court may modify the terms and conditions of the suspension or extend the period of the suspended sentence.

The legislature has also limited the term of a suspended sentence. Under RCW 9.95.210(1)(a), the superior court may suspend a sentence for a period "not exceeding the maximum term of sentence or two years, whichever is longer." The maximum sentence for a gross

---

[6] "A defendant may challenge a sentence imposed in excess of statutory authority for the first time on appeal because 'a defendant cannot agree to punishment in excess of that which the Legislature has established.'" *Rice*, 180 Wn. App. at 312-13 (quoting *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002)).

misdemeanor is 364 days. RCW 9A.20.021(2). Here, the trial court suspended Rodriguez's gross misdemeanor sentence for 60 months, far in excess of statutorily authorized maximum. Therefore, under either RCW 9.92.064 or RCW 9.95.210(1)(a), the trial court exceeded its statutory authority by suspending Rodriguez's gross misdemeanor DV-VNCO sentence for 60 months. And, because the trial court imposed community custody and the no-contact order for 60 months as a condition of this unauthorized suspended sentence, the imposition of community custody and the no-contact order for 60 months was also in excess of the trial court's authority.

We affirm Rodriguez's sentence on the felony DV-VNCO. We reverse her sentence on the gross misdemeanor DV-VNCO and remand to the trial court to resentence Rodriguez on this the gross misdemeanor conviction by correcting the term of the suspended sentence, community custody, and no contact order so that it does not exceed the statutorily authorized maximum.

_____
Lee, J.

We concur:

_____
Maxa, P.J.

_____
Hunt, J.P.T.