**FILED**
**AUGUST 1, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**



### IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
### DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36287-6-III, |
| | ) | |
| Respondent, | ) | |
| | ) | |
| | ) | **UNPUBLISHED OPINION** |
| v. | ) | |
| | ) | |
| RAYMOND EDWARD CHANEY, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Raymond Chaney appeals from the judgment and sentence imposed for his 2018 Spokane County conviction of one count of attempting to elude a police officer. His sole contention is that the trial court erred by imposing a criminal filing fee of $200 and ordering interest to accrue on all legal financial obligations (LFOs) immediately. We remand for the court to amend the interest accrual provision and determine whether Mr. Chaney is indigent pursuant to RCW 10.101.010(3)(a) – (c).

Given the limited issue raised, the facts leading to Mr. Chaney's conviction are not relevant to the appeal. The sentencing hearing occurred on August 7, 2018. Mr. Chaney asked the court for a lenient sentence, explaining that he had been in prison for approximately a year prior to sentencing, and that he was successfully engaging in

multiple prison programs. He stated that he would like to have the chance to be in the community and obtain a job, and that he had a carpenter's degree.

Several friends and family spoke on Mr. Chaney's behalf. Travis Kubik stated that Mr. Chaney was good man who had previously helped him out when he was incarcerated, and that they were going to be part owners of "a multi-million-dollar business called KC Buggies." Report of Proceedings (RP) at 419.

The court did not make any further inquiry on the record as to Mr. Chaney's financial circumstances or his ability to pay legal financial obligations (LFOs). At the close of the hearing, the court imposed a $500 victim fee and a $200 filing fee, stating:

> So in addition to the high end of this at the 29 months plus the 12 months, I am going to impose the legal financial obligations. Those weren't necessarily addressed under these circumstances, but I do believe it would be a $500 victim fee. It appears as if your DNA fee has been previously paid, so I will not be imposing a DNA fee. I am a little concerned about the $200 fee as you have a friend here indicating you're going to be very rich from a company. I don't have anything else to indicate that you won't be, so at this point in time, I'm going to impose a $200 filing fee as well, and cannot make a finding of indigency based upon what the Court was presented with today.

RP at 431. Mr. Chaney did not object to the court's imposition of the filing fee. The court entered the judgment and sentence on August 7, 2018, imposing the $200 filing fee and ordering that "[t]he financial obligations imposed in this judgment shall bear interest from the date of judgment until payment in full." Clerk's Papers at 118.

2

The following day, the sentencing court granted Mr. Chaney's motion for an Order

of Indigency for appellate review. The motion was supported by a declaration from Mr.

Chaney indicating that he was previously found indigent, he did not own any real estate or

trust accounts, he had no income and no savings, and that he had court debts but did not

know the amount owed. Mr. Chaney timely appealed.

In this appeal, Mr. Chaney challenges the imposition of the $200 filing fee and the

order of immediate interest accrual under the 2018 amendments to RCW 10.01.160(3)

and *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

The State argues that Mr. Chaney waived his challenge to the imposition of the

filing fee by failing to object to the court's finding that he was not indigent, and

alternatively contends this court should decline to accept review because the record is

insufficient to review the claim under *State v. Stoddard*, 192 Wn. App. 222, 366 P.3d 474

(2016).

Although RAP 2.5(a) generally precludes review of an error raised for the first

time on appeal, the rule permits us to exercise discretion to reach such issues. In *State v.*

*Blazina*, our Supreme Court exercised its discretion under RAP 2.5(a) to reach the merits

of an LFO issue raised for the first time on appeal. 182 Wn.2d 827, 835, 344 P.3d 680

(2015). Here, where it appears the trial court exceeded its authority by ordering interest

3

to accrue immediately on the criminal filing fee, we exercise our discretion to reach this LFO issue for the first time on appeal. *See e.g., State v. Rice*, 180 Wn. App. 308, 312-13, 320 P.3d 723 (2014). Since we are taking review of that issue, we likewise exercise our discretion to consider the imposition of the criminal filing fee.

Mr. Chaney's arguments are based on recent statutory changes, applicable to cases pending direct review on or after the effective date of House Bill 1783, June 7, 2018. *See State v. Ramirez*, 191 Wn.2d 732, 738, 747, 426 P.3d 714 (2018). The legislative changes took effect approximately two months before Mr. Chaney's sentencing hearing, and therefore apply to him.

Recently amended RCW 10.01.160(3) prohibits trial courts from imposing discretionary LFOs on defendants who, at the time of sentencing, are indigent as defined in RCW 10.101.010(3)(a) through (c).[1] Relevant to Mr. Chaney's appeal, RCW

---

[1] "Indigent" means a person who, at any stage of a court proceeding, is:

(a) Receiving one of the following types of public assistance: Temporary assistance for needy families, aged, blind, or disabled assistance benefits, medical care services under RCW 74.09.035, pregnant women assistance benefits, poverty-related veterans' benefits, food stamps or food stamp benefits transferred electronically, refugee resettlement benefits, medicaid, or supplemental security income; or
(b) Involuntarily committed to a public mental health facility; or
(c) Receiving an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level.

36.18.020(2)(h) was amended to prohibit imposition of the criminal filing fee on indigent defendants and RCW 10.82.090 was amended to prohibit trial courts from imposing interest on any non-restitution legal financial obligations.

The trial court ordered the interest on the LFOs to start accruing interest immediately in violation of RCW 10.82.090(2)(h). Accordingly, remand is necessary for the court to amend this language to indicate that only restitution obligations may bear interest.

With respect to the filing fee, the financial declaration provided by Mr. Chaney demonstrates indigency. *See Ramirez,* 191 Wn.2d at 739 (noting the defendant "unquestionably qualified as indigent at the time of sentencing" for purposes of House Bill 1783 where his motion for an order of indigency indicated that he had no source of income or assets and no savings, and owed more than $10,00 at the time of sentencing). However, unlike *Ramirez*, Mr. Chaney's declaration was not in front of the court at the time of sentencing, and therefore the court did not have this information when determining whether Mr. Chaney was indigent. Since this matter must be remanded to correct the interest provision, on remand the superior court should determine whether Mr. Chaney is indigent pursuant to RCW 10101.010(3)(a) - (c). If the court finds that Mr. Chaney is indigent, it should strike the $200 filing fee.

No. 36287-6-III
*State v. Chaney*

The case is remanded for the court to amend the interest provision consistent with RCW 10.82.090(2)(h), determine whether Mr. Chaney is indigent, and strike the filing fee if necessary.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.

6