
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38741-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CAMERON ANTHONY SCHUOLER, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Cameron Schuoler appeals his sentence for felony violation of a no-contact order. We affirm.

FACTS

A jury convicted Cameron Schuoler of felony violation of a no-contact order, domestic violence. At sentencing the court determined Mr. Schuoler's offender score was five, based on five prior convictions, and sentenced him to 33 months of confinement. One of the prior convictions that formed the basis of the offender score was a 2012 conviction for misdemeanor assault, domestic violence.

Mr. Schuoler appealed his judgment and sentence, arguing the 2012 conviction should not have been included in his offender score because the State failed to show

domestic violence had been pleaded and proved. In a previous decision, this court agreed, concluding the State's production of a judgment and sentence form showed only that domestic violence was proved, not pleaded. *State v. Schuoler*, No. 37430-1-III, slip op. at 5 (Wash. Ct. App. Aug. 24, 2021) (unpublished), https://www.courts.wa.gov/opinions/ pdf/374301_unp.pdf. We then remanded for resentencing. *Id*.

At resentencing, the State produced the judgment and sentence form for the 2012 conviction as well as the citation and notice to appear that law enforcement had issued to Mr. Schuoler. The citation included a certificate of probable cause, detailing Mr. Schuoler's alleged offense and his relationship to the victim. The trial court reinstated Mr. Schuoler's 33-month sentence.

Mr. Schuoler again appeals his judgment and sentence.

ANALYSIS

Mr. Schuoler claims the evidence produced at his resentencing hearing was insufficient to establish that his 2012 conviction qualified for inclusion in his offender score on the basis that domestic violence had been both pleaded and proved. Our review of this issue is de novo. *State v. Rodriguez*, 183 Wn. App. 947, 953, 335 P.3d 448 (2014).

Misdemeanor offenses typically are not included in an individual's offender score. But if the current conviction is a felony domestic violence offense, prior misdemeanor

2

convictions of domestic violence may be included, so long as "domestic violence as defined in RCW 9.94A.030, was pleaded and prove[d]." RCW 9.94A.525(21)(d).

Domestic violence is pleaded when a valid charging instrument alleges assault of one intimate partner[1] by another. RCW 10.99.020(4)(i)-(iv). So long as domestic violence is alleged, there is no requirement the assault statute forming the basis of the charge be specific to domestic violence. *See id*.

The 2012 citation adequately alleged a domestic violence offense. The citation referenced Kennewick Municipal Code 10.02.010. Although this is a general assault provision, the citation specified Mr. Schuoler's offense was "DV," meaning domestic violence. Clerk's Papers at 30, 34. Furthermore, as contemplated by CrRLJ 2.1(b)(4), the citation incorporated[2] a certificate of probable cause. According to the certificate, Mr. Schuoler hit his live-in girlfriend in the face, causing bruising. This was sufficient to allege an assault against an intimate partner.

---

[1] Under RCW 7.105.010(20), an "intimate partner" is a current or former spouse or domestic partner, someone with whom one shares a child (conceived consensually), or a romantic partner if both persons have reached age thirteen.

[2] Unlike an information, a citation must include a certificate of probable cause as part of the citation. *Compare* CrRLJ 2.1(b)(4) *with* CrR 2.1. Thus, while the sufficiency of an information may not be assessed by referencing an attached certificate of probable cause, *see, e.g.*, *State v. Pry*, 194 Wn.2d 745, 761-62, 452 P.3d 536 (2019), the same is not true of a citation.

3

No. 38741-1-III
*State v. Schuoler*


The State has produced sufficient evidence that the 2012 citation pleaded a domestic violence offense. As we held in our prior decision, the State has also established that domestic violence was proved. The sentencing court therefore properly included this conviction in Mr. Schuoler's offender score.

CONCLUSION

The judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Fearing, J.