IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) | |
| | ) | No. 39982-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW SIMON GAROUTTE | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Matthew Garoutte appeals the trial court's denial of his CrR 7.8

motion. We convert Mr. Garoutte's direct appeal to a personal restraint petition (PRP),

find the challenge to his offender score is moot, deem RCW 7.68.035(5)(b) an alternate

available remedy to his victim penalty assessment (VPA) claim, and dismiss the PRP.

BACKGROUND

On March 28, 2022, Mr. Garoutte pleaded guilty to theft of a motor vehicle. At

his sentencing on April 13, 2022, the court determined Mr. Garoutte had an offender

score of "9+" before imposing a standard range sentence and a VPA. Clerk's Papers

(CP) at 17-19.  On September 19, 2022, Mr. Garoutte filed a "Motion to Modify or Correct Sentence and Judgment" pursuant to CrR 7.8.  CP at 40-43.  In the motion, Mr. Garoutte argued, "[t]here were some errors in my points on my judgement [sic] and sentence."  CP at 41.

The court denied Mr. Garoutte's motion, finding that Mr. Garoutte "would still be at a—a nine-plus" regardless of the disputed offender score points.  Rep. of Proc. (RP) at 10.  The court informed Mr. Garoutte he could "appeal [the decision] . . . within 30 days," but did not enter a written order that denied the motion.  RP at 10.

In August 2023, the parties returned to the trial court, requesting a written order denying Mr. Garoutte's motion.  The State also argued the motion should be transferred to this court as a PRP.  The court agreed to enter a written order but declined to transfer the motion to this court as a PRP, noting, "'[t]his mostly likely should have been transferred as a PRP, but a notice of appeal has already been filed.'  And so if the court needs to correct a procedural issue . . . it will do so with Court of Appeals approval."  RP at 23; CP at 59.

Mr. Garoutte timely appeals.  During the pendency of this appeal, Mr. Garoutte was released from his "[Department of Corrections (DOC)] obligations."  State's Letter Re: Mootness, *State v. Garoutte*, No. 39982-6-III (Nov. 8, 2024).

ANALYSIS

CONVERTING DIRECT APPEAL TO A PRP

As a preliminary matter, Mr. Garoutte's CrR 7.8 motion should have been transferred to this court for consideration as a PRP. "[T]he superior court must transfer a postconviction motion to [this court] for consideration as a [PRP] 'unless the court determines' that the motion is not time barred and either the defendant has made a substantial showing of merit or a factual hearing is required to decide the motion." *In re Pers. Restraint of Ruiz-Sanabria*, 184 Wn.2d 632, 638, 362 P.3d 758 (2015) (quoting CrR 7.8(c)(2)).

Citing *State v. Larranaga*, 126 Wn. App. 505, 108 P.3d 833 (2005), Mr. Garoutte argues the denial of a CrR 7.8 motion is subject to a direct appeal. We agree "a party may appeal from . . . [a]n order granting or denying a motion to vacate a judgment." RAP 2.2(c)(10). However, the direct appeal of a CrR 7.8 motion may be pursued only if a statute or court rule does not provide otherwise. RAP 2.2(a).

Here, a court rule, CrR 7.8(c)(2), mandates transfer of Mr. Garoutte's motion to this court as a PRP because the trial court found Mr. Garoutte was unable to make a substantial showing that he was entitled to relief or that resolution of the motion would require a factual hearing. CrR 7.8(c)(2)(i), (ii). Indeed, the trial court found that even if Mr. Garoutte's offender score calculation was correct, "[he] would still be at a—a nine-plus." RP at 10.

Because Mr. Garoutte has failed to establish an exception to CrR 7.8(c)(2), we convert his direct appeal to a PRP.

MOOTNESS

"A case is moot if a court can no longer provide effective relief" to the defendant. *State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004). Although the inability to provide effective relief may preclude review, if a case "'presents an issue of continuing and substantial public interest and that issue will likely reoccur, we may still reach a determination on the merits to provide guidance to lower courts.'" *State v. Rodriguez*, 183 Wn. App. 947, 952, 335 P.3d 448 (2014) (quoting *Ross*, 152 Wn.2d at 228).

The accuracy of Mr. Garoutte's offender score calculation is moot because he has been released from confinement, is not on community custody, and is not subject to another miscalculation of his offender score based on this alleged error if he is convicted of a future crime. *See* RCW 9.94A.525(1). The remedy for Mr. Garoutte, assuming his offender score challenge was meritorious, would be resentencing to a potentially lesser term of confinement under a lower offender score. Because he is no longer incarcerated or subject to community custody, we cannot provide him effective relief. Further, Mr. Garoutte does not argue, nor do we find, that this isolated issue is of continuing and substantial public interest.

Mr. Garoutte's challenge to his offender score is moot.

VICTIM PENALTY ASSESSMENT

Mr. Garoutte requests we remand for the trial court to strike the VPA from his judgment and sentence. Because Mr. Garoutte's direct appeal has been converted to a PRP and he has an adequate available remedy, we deny his request.

A PRP is an extraordinary form of relief that requires the petitioner to "meet a high standard before this court will disturb an otherwise settled judgment." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). A PRP petitioner who had a "prior opportunity for judicial review must show that they were actually and substantially prejudiced by a constitutional error or that their trials suffered from a fundamental defect of nonconstitutional nature that inherently resulted in a complete miscarriage of justice." *Id.*; *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 299, 88 P.3d 390 (2004); *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810-12, 792 P.2d 506 (1990).

Furthermore, a PRP will only be granted "if other remedies which may be available to the petitioner are inadequate under the circumstances." RAP 16.4(d). To constitute an adequate alternative remedy under RAP 16.4(d), the remedy must mitigate or eliminate the error identified by the petitioner. *See In re Pers. Restraint of Ali*, 196 Wn.2d 220, 244-45, 474 P.3d 507 (2020).

Prior to July 1, 2023, imposition of a VPA was mandatory for any individual found guilty of a crime in superior court. Former RCW 7.68.035(1)(a) (2018). However, Engrossed Substitute H.B. 1169, 68th Leg., Reg. Sess. (2023), amended RCW 7.68.035

No. 39982-6-III
*State v. Garoutte*

to provide, "[t]he court shall not impose the penalty assessment under this section if the court finds that the defendant, at the time of sentencing, is indigent as defined in RCW 10.01.160(3)." LAWS OF 2023, ch. 449, § 1. For those sentenced prior to July 1, 2023, RCW 7.68.035(5)(b) allows the trial court, "[u]pon motion by [the] defendant," to waive the VPA, subject to a finding that the defendant is indigent as defined in RCW 10.01.160(3).

Mr. Garoutte was sentenced prior to July 1, 2023. The sentencing court found Mr. Garoutte "is indigent as defined in RCW 10.101.010(3)(a)-(c)." CP at 20. With this finding, RCW 7.68.035(5)(b) offers Mr. Garoutte an adequate available remedy that would eliminate his claimed error. Consequently, we deny his request to remand for the trial court to strike the VPA.

We convert Mr. Garoutte's appeal to a PRP and order it dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____          _____
Fearing, J.                                Murphy, M.

6