## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  46897-2-II |
| Respondent, | |
| v. | |
| CHRISTOPHER STEVEN CROCKER, | PUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Christopher S. Crocker pleaded guilty to one count of attempting to elude police and one count of theft in the third degree.  He appeals the trial court's calculation of his offender score.  The issue presented is one of first impression, whether a prior out-of-state conviction, that is not factually or legally comparable to a Washington criminal offense, but is a civil infraction in Washington, qualifies as "any crime" for purposes of interrupting the washout period under RCW 9.94A.525(2)(c). We hold that RCW 9.94A.525(2)(c) requires a comparability analysis when determining whether an out-of-state conviction interrupts the washout period.  And when an out-of-state conviction is only comparable to a civil infraction in Washington, the out-of-state conviction is not considered "any crime" that interrupts the washout period.  Accordingly,

the trial court erred in including Crocker's 2000 drug conviction in his offender score. We reverse

and remand to the trial court to recalculate his offender score consistent with this opinion.[1]

FACTS

In September 2014, Crocker pleaded guilty to one count of attempting to elude a pursuing

police vehicle and one count of theft in the third degree. Crocker's criminal history listed nine

prior convictions. The following chart summarizes his prior criminal history:

| Date of Sentence | Crime | State |
|---|---|---|
| Mar. 11, 2000 | Manufacturing of Marijuana | OR |
| Nov. 14, 2000 | Driving Under the Influence | OR |
| Dec. 29, 2004 | Theft of Services | OR |
| Sep. 15, 2009 | Offensive Littering | OR |
| Dec. 16, 2013 | Identity Theft | OR |
| Dec. 5, 2013 | Second Degree Organized Retail Theft | WA |
| Dec. 5, 2013 | Unlawful Possession – Unidentified | WA |
| Jan. 15, 2014 | Unlawful Possession – Heroine | OR |
| Jan. 15, 2014 | Unlawful Possession – Methamphetamine | OR |

Clerk's Papers (CP) at 2, 34.

---

[1] Crocker has already served his sentence and has been released from confinement rendering his current appeal moot. *State v. Rodriguez*, 183 Wn. App. 947, 952, 335 P.3d 448 (2014) (challenge to the calculation of an offender score is moot after defendant has served his or her sentence because the remedy would be resentencing to a lesser term of confinement under a lower offender score), *review denied*, 182 Wn.2d 1022 (2015). But where a case "'presents an issue of continuing and substantial public interest and that issue will likely reoccur, we may still reach a determination on the merits to provide guidance to lower courts.'" *Rodriguez*, 183 Wn. App. at 952 (quoting *State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004)). Ensuring offenders are sentenced with a correct offender score is a matter of continuing and substantial public interest. *Rodriguez*, 183 Wn. App. at 952 (citing RCW 9.94A.525(22)). And it is likely that a sentencing court will be asked to use an out-of-state conviction for the purposes of interrupting the washout period. Accordingly, we decide Crocker's case on the merits in order to provide guidance to the trial courts on this issue.

At sentencing, the parties asked the trial court to rule on whether Crocker's 2009 Oregon offensive littering conviction prevented his 2000 drug conviction from washing out under RCW 9.94A.525(2)(c). The trial court ruled that the 2009 offensive littering conviction prevented the prior 2000 drug conviction from washing out and, thus, the trial court included the 2000 drug conviction in Crocker's offender score.

Crocker appealed. A commissioner of this court ruled on the merits under RAP 18.14(e)(1) and affirmed the trial court's calculation of Crocker's offender score. Crocker moved to modify the commissioner's ruling. We granted Crocker's motion to modify.[2]

ANALYSIS

Crocker argues that the trial court erred in using his 2009 Oregon offensive littering conviction to prevent his 2000 drug conviction from washing out under RCW 9.94A.525(2)(c). Crocker is correct. Because a comparability analysis is required to determine whether an out-of-state conviction prevents earlier convictions from washing out, and Crocker's Oregon offensive littering conviction is not a crime under RCW 9.94A.525(2)(c), the trial court erred in determining that his 2000 conviction did not wash out.

A. COMPARABILITY REQUIREMENT

First, we must determine whether a comparability analysis is required when an out-of-state conviction is alleged to interrupt the washout period under RCW 9.94A.525(2)(c). Statutory

---

[2] Crocker also raises an issue regarding his legal financial obligations (LFOs). But because we granted Crocker's motion to modify the commissioner's ruling only as to "whether [Crocker's] Oregon aggressive littering conviction can prevent another crime from washing out," the LFO issue is not properly before us. Order Granting In Part Motion to Modify (Nov. 30, 2015).

interpretation is a question of law that we review de novo.  *State v. Rice*, 180 Wn. App. 308, 313,

320 P.3d 723 (2014).  Our objective is to determine and give effect to the legislature's intent.  *Rice*,

180 Wn. App. at 313.  We give effect to the statute's plain language when it can be determined

from the text.  *Rice*, 180 Wn. App. at 313.  "If the statute is still susceptible to more than one

interpretation after we conduct a plain meaning review, then the statute is ambiguous and we rely

on statutory construction, legislative history, and relevant case law to determine legislative intent."

*Rice*, 180 Wn. App. at 313.

> The washout provision of RCW 9.94A.525(2)(c) provides,

> [C]lass C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing *any crime* that subsequently results in a conviction.

(Emphasis added).[3]    Although the phrase "any crime" is not defined in RCW 9.94A.525(2)(c),

crimes are classified in the Washington criminal code under RCW 9A.04.040.  RCW 9A.04.040

states,

> (1) An offense defined by this title or by any other statute of this state, for which a sentence of imprisonment is authorized, constitutes a crime.  Crimes are classified as felonies, gross misdemeanors, or misdemeanors.

When applying the statutory definition of "crime" to the washout provision, the phrase

"any crime" is unambiguous.  RCW 9A.04.040 clearly requires that an offense must be defined as

---

[3] The five-year period runs from the date of entry of judgment and sentence or the date of release from confinement.  *State v. Ervin*, 169 Wn.2d 815, 821, 239 P.3d 354 (2010).  RCW 9.94A-.525(2)(c) requires that an offender remain in the community without committing any crime during the five-year period.  *Ervin*, 169 Wn.2d at 821.

a crime under *Washington* law.

Our interpretation of the phrase, "any crime," is consistent with the statutory scheme and purposes of the Sentencing Reform Act (SRA).[4] One of the purposes of the SRA is to ensure punishment "commensurate with the punishment imposed on others committing similar offenses." RCW 9.94A.010(3); *see State v. Weiand*, 66 Wn. App. 29, 34, 831 P.2d 749 (1992).[5] When our legislature enacted the offender score statute, RCW 9.94A.525,[6] it intended to "[treat] defendants with equivalent prior convictions in the same way, regardless of whether their prior convictions were incurred in Washington or elsewhere." *Weiand*, 66 Wn. App. at 34. Therefore, the legislature's intent that offenders be treated the same way applies equally to the washout provision. When an out-of-state conviction is alleged to interrupt the washout period under RCW 9.94A.525(2)(c), the trial court must determine whether the out-of-state crime or conviction is legally or factually comparable to a Washington offense.

---

[4] Ch. 9.94A RCW.

[5] In *Weiand*, we held that the law in effect at the time of the crime controls and that Weiand's Nebraska conviction was comparable to a Class B felony in Washington and, thus, did not "wash out." 66 Wn. App. at 33. Similarly, in *State v. Cameron*, we again applied the SRA's purpose in deciding how to classify a federal offense and noted that "[t]he statute's purpose is to give an out-of-state conviction the same effect as if it had been rendered in-state, or, in alternative terms, to treat a person convicted outside the state as if he or she had been convicted in Washington." 80 Wn. App. 374, 378, 909 P.2d 309 (1996). And in *State v. Morley*, our Supreme Court addressed whether to include a military court-martial in the defendant's offender score. 134 Wn.2d 588, 602, 952 P.2d 167 (1998). Our Supreme Court held that the military court-martial should be included, and noted that "[t]he purpose of the offender score statute 'is to ensure that defendants with equivalent prior convictions are treated the same way, regardless of whether their prior convictions were incurred in Washington or elsewhere.'" 134 Wn.2d at 602 (internal quotation marks omitted) (quoting *State v. Villegas*, 72 Wn. App. 34, 38-39, 863 P.2d 560 (1993)).

[6] RCW 9.94A.525 was formerly codified as RCW 9.94A.360. Laws of 2001, ch. 10, § 6; *see Weiand*, 66 Wn. App. at 34.

Here, the parties agree that Crocker's 2009 offensive littering conviction is not legally or factually comparable to a Washington felony or misdemeanor. Rather, it is undisputed that the only comparable Washington offense to Crocker's 2009 Oregon offensive littering conviction is a civil infraction. Accordingly, to determine whether the trial court erred by using Crocker's 2009 offensive littering conviction to prevent the 2000 conviction from washing out, we must also determine whether the term "any crime" includes a civil infraction.

B. CIVIL INFRACTION AS "ANY CRIME"

As we noted above, the Washington Criminal Code provides an explicit definition of "crime." It is clear from the plain language of RCW 9A.04.040 that a civil infraction is not considered a crime. First, RCW 9A.04.040 provides a list of what offenses are classified as crimes—felonies, gross misdemeanors, and misdemeanors. If the legislature intended for civil infractions to be considered crimes, it would have included civil infractions in this list. Second, RCW 9A.04.040 defines a "crime" as an offense "for which a sentence of imprisonment is authorized." Imprisonment is not authorized for civil infractions. Therefore, civil infractions cannot be classified as a crime. Thus, Crocker's 2009 littering conviction, a civil infraction in Washington, does not qualify as "any crime" under RCW 9.94A.525(2)(c). Accordingly, the trial court erred in finding that Crocker's 2009 Oregon offensive littering conviction interrupted the washout period under RCW 9.94A.525(2)(c) and by including Crocker's 2000 drug conviction in his offender score.

We hold that RCW 9.94A.525(2)(c) requires a comparability analysis when determining whether an out-of-state conviction interrupts the washout period. And when an out-of-state conviction is only comparable to a civil infraction in Washington, the out-of-state conviction is not considered "any crime" that interrupts the washout period. We reverse and remand to the trial court to recalculate Crocker's offender score consistent with this opinion.[7]

SUTTON, J.

We concur:

JOHANSON, P.J.

LEE, J.

---

[7] Crocker filed a supplemental brief arguing that we should not impose appellate costs in this case. However, here Crocker is the prevailing party and therefore, he would not be required to pay appellate costs. RAP 14.2.