# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46773-9-II |
| Respondent. | |
| v. | Consolidated with: |
| JACOB IVAN SCHMITT, | |
| Appellant. | |
| In re the Personal Restraint of | No. 47706-8-II |
| JACOB IVAN SCHMITT, | |
| Petitioner. | PART PUBLISHED OPINION |

LEE, J. – Jacob Ivan Schmitt pleaded guilty to two counts of first degree theft and one count of second degree burglary. He appeals, contending his prior 1996 second degree robbery conviction washed out, even though he was convicted of federal bank robbery in 2001, because the subsequent crime was not comparable to a Washington offense. We hold that the 1996 robbery conviction did not wash out because Schmitt committed an intervening federal felony offense for which he spent over 10 years incarcerated. In the unpublished portion of the opinion, we address and reject Schmitt's remaining arguments except his argument concerning the court's imposition

of discretionary legal financial obligations (LFOs). Accordingly, we affirm the judgment and sentence except for the imposition of discretionary LFOs, which we reverse and remand for the trial court to conduct an individualized inquiry into Schmitt's current and future ability to pay; we deny Schmitt's consolidated Personal Restraint Petition (PRP); and we waive appellate costs.

FACTS

In December 2013, the State charged Schmitt with first degree robbery and attempting to elude a police vehicle. Pursuant to a plea agreement, the charges were reduced to two counts of first degree theft and one count of second degree burglary. Schmitt's criminal history included a 1993 first degree robbery conviction, 1993 first degree burglary conviction, 1993 custodial assault conviction, 1996 second degree robbery conviction, 1998 first degree malicious mischief conviction,[1] and 2001 federal bank robbery conviction. Schmitt was released from prison on the 2001 bank robbery conviction in April 2013. The State initially calculated his offender score as 7 for the theft charges and 8 for the burglary charge. But at sentencing, the court reduced Schmitt's offender score by one point because there was no comparable Washington offense for the federal bank robbery charge. Schmitt appeals.

---

[1] Based on our record, the 1998 first degree malicious mischief offense occurred while Schmitt was incarcerated on the 1996 second degree robbery offense. He was released from incarceration for both the 1996 and 1998 offenses in August 6, 1999, and was arrested on the federal bank robbery charge 24 days later. (PRP attachment – June 25, 2015 declaration)

2

ANALYSIS

Schmitt argues his 1996 second degree robbery conviction washed out. We disagree.

Under RCW 9.94A.525(2)(b), class B felonies wash out after 10 years "if since the last date of release from confinement . . . the offender had spent ten consecutive years *in the community* without committing *any crime* that subsequently results in a conviction." (Emphasis added). RCW 9.94A.525(2)(b) contains both a trigger clause and a continuity clause. *See State v. Ervin*, 169 Wn.2d 815, 821, 239 P.3d 354 (2010) (concerning RCW 9.94A.525(2)(c), a statute similar to RCW 9.94A.525(2)(b) but governs class C felonies.) The trigger clause identifies the beginning of the 10-year period, and the continuity clause sets forth the substantive requirements an offender must satisfy during the 10-year period. *Id.* This case involves the continuity clause – whether Schmitt spent "ten consecutive years *in the community* without committing *any crime* that subsequently results in a conviction." RCW 9.94A.525(2)(b) (emphasis added).

Schmitt argues that he was actually considered "in the community" the entire time he was incarcerated on his federal bank robbery conviction because there is no comparable Washington offense for federal bank robbery. We agree that there is no comparable Washington offense to federal bank robbery; however, RCW 9.94A.525(3) controls, and Schmitt's federal bank robbery conviction interrupts the washout period.

To determine whether a conviction interrupts the washout period, we first start with a comparability analysis. *State v. Crocker*, No. 46897-2-II, slip op. at 3 (Wash. Ct. App. Nov. 22, 2016). Following *Crocker*, "any crime" under RCW 9.94A.525(2)(b) "must be defined as a crime under *Washington* law." *Id.* at *4-5.

Schmitt had a 2001 federal bank robbery conviction for which he was released in 2013. Federal bank robbery is classified as a serious violent felony under federal statutes. 18 U.S.C. § 2113(a), 18 U.S.C. § 3559(c)(2)(F)(i). Federal bank robbery, however, is not comparable to robbery in Washington. *See In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 262, 111 P.3d 837 (2005) (federal bank robbery and robbery under Washington's criminal statutes are not legally or factually comparable). The question then is whether Schmitt's 2001 federal bank robbery conviction would still be considered "any crime" for purposes of interpreting RCW 9.94A.525(2)(b)'s continuity clause such that it interrupts the washout period. We hold that Schmitt's federal bank robbery conviction is a crime that interrupts the washout period.

RCW 9.94A.525(3) provides in relevant part:

> Federal convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law. If there is no clearly comparable offense under Washington law or the offense is one that is usually considered subject to exclusive federal jurisdiction, the offense shall be scored as a class C felony equivalent if it was a felony under the relevant federal statute.

Thus, federal felony offenses that have no comparable offense under Washington law or that are subject to exclusive federal jurisdiction are recognized under our offender score statute as class C felonies.

Here, federal bank robbery is not comparable to any offense under Washington law. *Lavery*, 154 Wn.2d at 262. But RCW 9.94A.525(3) requires that Schmitt's federal bank robbery conviction be recognized in Washington as a class C felony. Therefore, the federal bank robbery conviction would be considered "any crime" in Washington.

No. 46773-9-II/
No. 47706-8-II

This case is distinguished from *Crocker*, which addressed an out-of-state conviction where the only comparable Washington offense was a civil infraction. *Crocker*, No. 46897-2-II, slip op. at \*6). Our Supreme Court has held that such minor offenses do "not interrupt the washout." *Ervin*, 169 Wn.2d at 826. Here, however, we address a federal felony conviction. Since RCW 9.94A.525(3) characterizes federal bank robbery as a class C felony in Washington, and Schmitt did not spend 10 consecutive years in the community because of that federal felony conviction, his federal bank robbery conviction interrupts the washout period for the 1996 second degree robbery conviction.

We hold that Schmitt's 1996 second degree robbery conviction did not wash out because he was not released from confinement for his 2001 federal bank robbery conviction until April 2013. His current offense was committed in December 2013. Schmitt's federal bank robbery conviction is a class C felony in Washington per RCW 9.94A.525(3). Therefore, Schmitt fails to show that he spent "ten consecutive years in the community without committing any crime that subsequently results in a conviction." RCW 9.94A.525(2)(b). Thus, Schmitt fails to show that his 1996 second degree robbery conviction washes out.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

5

Schmitt also argues that his plea was involuntary and he was denied his right to effective assistance of counsel. In his statement of additional grounds (SAG) for review, Schmitt argues the sentencing court failed to take into account his ability to pay when imposing LFOs. In his consolidated PRP, Schmitt alleges the sentencing court miscalculated his offender score and he was denied his right to effective assistance of counsel. And in his supplemental brief to his direct appeal, Schmitt objects to the imposition of appellate costs under *State v. Sinclair*, 192 Wn. App. 380, 367 P.3d 612, *review denied*, 185 Wn.2d 1034 (2016). As stated previously, we affirm the judgment and sentence except for the imposition of discretionary LFOs, which we remand to strike from the judgment and sentence; and we deny the PRP.

ADDITIONAL FACTS

In the plea agreement, Schmitt stated, "Although the defendant does not agree with the State's calculation of offender score, the defendant voluntarily, knowingly and intelligently enters into this plea, including the recommendation for an exceptional sentence." Clerk's Papers (CP) at 17.

During the plea hearing, the trial court inquired into Schmitt's objection to his offender score. Defense counsel argued the federal bank robbery conviction should not be counted because there is no comparable Washington offense. The trial court agreed and deducted one point off Schmitt's offender score.

The trial court then inquired whether Schmitt wanted to proceed with the agreement. Schmitt conferred with his attorney and then informed the court he wanted to proceed with pleading guilty. When questioned whether the plea was freely and voluntarily given, Schmitt replied, "Yes." Report of Proceedings (RP) at 18.

The trial court accepted his plea and sentenced Schmitt to 120 months on each count to run consecutively for a total of 360 months' incarceration. The trial court also ordered Schmitt to pay LFOs in the amount of $500 for crime victim assessment, $100 for a deoxyribonucleic acid (DNA) database fee, $500 for court-appointed attorney fees and defense costs, and $200 for filing fee. There was no inquiry into Schmitt's ability to pay and no objection by defense counsel.

ADDITIONAL ANALYSIS

A.      GUILTY PLEA

We address whether Schmitt's guilty plea violated due process because it was not made knowingly, intelligently, and voluntarily. Schmitt contends he was induced to plead guilty because he feared he would be sentenced under the Persistent Offender Accountability Act of the Sentencing Reform Act of 1981 (POAA), chapter 9.94A RCW, also known as the "three strikes law." He alleges that he believed the originally charged first degree robbery was a third strike. But now he believes that the federal bank robbery conviction should not be counted and the 1996 conviction should wash out, leaving him with only one strike (the 1983 first degree robbery). With only one strike, he would not have entered into a plea agreement.

7

As a threshold matter, the State argues Schmitt waived this argument. A defendant attempting to withdraw his guilty plea for the first time on appeal must demonstrate a manifest constitutional error. RAP 2.5(a)(3); *State v. Walsh*, 143 Wn.2d 1, 6-7, 17 P.3d 591 (2001). A defendant unlawfully induced into pleading guilty raises a manifest error affecting a constitutional right under RAP 2.5(a)(3). Thus, this issue may be raised for the first time on appeal. *Id.* at 7.

Due process requires that when a criminal defendant pleads guilty, his plea must be knowing, voluntary, and intelligent. *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 297, 88 P.3d 390 (2004) (citing *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)). A guilty plea which is the product of, or is induced by coercive threat, fear, persuasion, promise, or deception, however, is invalid. *Woods v. Rhay*, 68 Wn.2d 601, 605, 414 P.2d 601, *review denied*, 385 U.S. 905 (1966). Whether a plea is knowingly, intelligently, and voluntarily made is determined from a totality of the circumstances. *Id.* at 642.

Under the POAA, a "[p]ersistent offender" is defined as someone who at the time of sentencing for a current most serious offense, has been convicted twice before of most serious offenses under RCW 9.94A.525. RCW 9.94A.030(38)(a)(ii).[2] The statute states in part that the defendant must have "been convicted as an offender on at least two separate occasions, whether in this state or elsewhere, of felonies that under the laws of this state would be considered most serious offenses." RCW 9.94A.030(38)(a)(ii). RCW 9.94A.525(2)(b), however, provides that class B felonies wash out after 10 years "if since the last date of release from confinement . . . the

---

[2] Subsections of RCW 9.94A.030 were renumbered in 2015, but the text of this subsection is unchanged; therefore, we will cite to the current subsection.

offender had spent ten consecutive years in the community without committing any crime that subsequently results in a conviction."

The record here shows the trial court concluded that Schmitt's 2001 federal bank robbery conviction did not count in Schmitt's offender score because there was no comparable Washington offense. Since the 2001 federal conviction did not count in his offender score, Schmitt argues the time served for the conviction would also not count in determining whether he was "in the community" for 10 years prior to committing the current offense; thereby washing out the 1996 robbery. RCW 9.94A.525(2)(b). Based on our holding above, the 2001 bank robbery interrupted the 10-year washout period. Since Schmitt was not in the community for 10 consecutive years without committing a crime, his 1996 conviction did not wash out. Schmitt was properly apprised of his two prior strikes and that the first degree robbery charge would be a third strike. Thus, his argument that he was unlawfully induced into pleading guilty is without merit. He fails to show his plea was not made knowingly, intelligently, and voluntarily.

B.      INEFFECTIVE ASSISTANCE OF COUNSEL

Schmitt next argues he was denied effective assistance of counsel because counsel failed to advise him that he was not facing his third strike. To prevail on a claim of ineffective assistance of counsel, the appellant must show both (1) that defense counsel's representation was deficient, and (2) that the deficient representation prejudiced the defendant. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011) (applying *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Representation is deficient if after considering all the circumstances, the performance falls "'below an objective standard of reasonableness.'" *Id.* at 33

(quoting *Strickland*, 466 U.S. at 688). Prejudice exists if there is a reasonable probability that except for counsel's errors, the result of the proceeding would have differed. *Id.* at 34.

Based on our holding above, Schmitt's 1996 conviction did not wash out—he had two prior most serious offense convictions in 1993 and 1996. His 2013 first degree robbery charge, therefore, would qualify as a third strike under RCW 9.94A.525. Defense counsel properly instructed him likewise. Also, counsel effectively negotiated a plea agreement to prevent sentencing under the POAA and successfully argued to reduce Schmitt's offender score by showing Schmitt's 2001 had no comparable Washington offense. Thus, Schmitt's argument that counsel provided deficient representation is without merit.

C.     LFOs

In his pro se SAG, Schmitt argues the sentencing court erred by failing to make an individualized determination of his ability to pay before imposing LFOs. While Schmitt challenges the imposition of all LFOs, only the attorney fees and defense costs are discretionary and properly before this court. *See* RCW 7.68.035(1); RCW 36.18.020(2)(h); RCW 43.43.7541; *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013).

Schmitt did not object when the sentencing court failed to make an on the record assessment of his present and future ability to pay before imposing discretionary LFOs. Despite this failure to object, we have discretion to consider LFO challenges raised for the first time on appeal. *State v. Blazina*, 182 Wn.2d 827, 832, 344 P.3d 680 (2015). We exercise our discretion to consider this issue.

RCW 10.01.160(3) provides in part that a court "shall not order a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of

payment of costs, the court shall take account of the financial resources of the defendant." In order to comply with the statute, an individualized inquiry must be made on the record. *Blazina*, 182 Wn.2d at 838. Here, Schmitt had been incarcerated for over 10 years prior to his current arrest. There was mention that "for at least a short period of time [he was] working in a job" after release from federal prison, but no mention of the type of job he held or his salary. RP at 22.

Since the record shows that the trial court failed to make any individualized inquiry, the trial court found Schmitt indigent, and he was recently release from long-term incarceration, the proper recourse under these facts is to reverse the imposition of discretionary LFOs and remand for the trial court to conduct an individualized inquiry into Schmitt's current and future ability to pay.[3]

D.      PRP

Turning to Schmitt's PRP, the collateral relief afforded under a PRP is limited and requires the petitioner to show that he was prejudiced. *In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 596, 316 P.3d 1007 (2014). There is no presumption of prejudice on collateral review. *In re Pers. Restraint of Hagler*, 97 Wn.2d 818, 823, 650 P.2d 1103 (1982). The petitioner must either make a prima facie showing of a constitutional error that, more likely than not, constitutes actual and substantial prejudice, or a nonconstitutional error that inherently constitutes a complete miscarriage of justice. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810, 812, 792 P.2d 506 (1990). Without either such showing, this court must deny the petition. *Id.* at 810, 812.

---

[3] Because we reverse the imposition of discretionary LFOs and remand, we need not address Schmitt's argument that defense counsel was ineffective for failing to object to the imposition of discretionary LFOs.

Based primarily on the same argument made in his direct appeal, Schmitt argues the sentencing court miscalculated his offender score because all his convictions washed out, except the 1993 convictions. He further argues defense counsel was ineffective for miscalculating Schmitt's offender score during plea negotiations, not apprising him of the wash out statute, and failing to argue his 1996 robbery did not count as a strike.

For the same reasons discussed above, all of Schmitt's PRP arguments are without merit. Because we hold that the time Schmitt spent incarcerated on the federal felony conviction interrupted RCW 9.94A.525(2)(b)'s 10-year wash out period, none of Schmitt's prior offenses washed out. Thus, there was no miscalculation of his offender score and counsel did not render ineffective assistance of counsel relating to the prior offenses. Schmitt fails to make a prima facie showing of a constitutional error that, more likely than not, constitutes actual and substantial prejudice, or a nonconstitutional error that inherently constitutes a complete miscarriage of justice. Without either such showing, we deny his petition.

E.     APPELLATE COSTS

Schmitt objects to awarding appellate costs to the State in light of *Sinclair*, 192 Wn. App. 380, arguing he lacks the ability to pay. The trial court entered an order of indigency for this appeal on October 9, 2014. We presume a party remains indigent "throughout the review" unless the trial court finds otherwise. RAP 15.2(f). RCW 10.73.160(1) vests the appellate court with discretion to award appellate costs. Under RAP 14.2, that discretion may be exercised in a decision terminating review. We exercise our discretion and hold that an award of appellate costs to the State is not appropriate.

No. 46773-9-II/
No. 47706-8-II

We affirm the judgment and sentence except for the imposition of discretionary LFOs, which we reverse and remand for the trial court to make an individualized inquiry into Schmitt's current and future ability to pay; we deny the PRP; and we waive appellate costs.

_____
Lee, J.

We concur:

_____
Johanson, P.J.

_____
Sutton, J.

13