# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 77197-3-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| | PUBLISHED OPINION |
| HAROLD ROBERT MARQUETTE, | |
| Appellant. | FILED: December 17, 2018 |

APPELWICK, C.J. — A jury found Marquette guilty of possession of a stolen vehicle. He appeals the trial court's calculation of his offender score. He argues that a prior out-of-state conviction, which is not factually or legally comparable to a Washington criminal offense, and his subsequent confinement, do not interrupt the washout period under RCW 9.94A.525(2)(c). We reverse and remand to the trial court for resentencing.

## FACTS

A jury found Harold Marquette guilty of possession of a stolen vehicle. At sentencing, the State introduced documents showing 10 convictions prior to 2007 for class C felonies or equivalent crimes: 3 convictions for forgery (1988 and 1990), 2 Washington convictions for taking a motor vehicle without permission (1990), 1 conviction for second degree theft (1993), 1 conviction for attempting to elude a pursuing police vehicle (1994), 1 conviction for third degree assault of a child

(1996), and 2 California convictions for taking a motor vehicle without permission (2001 and 2004).

The State also introduced evidence that, following these 10 convictions, on May 4, 2007, Marquette pleaded guilty in Shasta County, California to 2 counts of lewd or lascivious acts with a child under 14 years old. The California court sentenced Marquette to 9 years of confinement. It granted him credit for 286 actual days in custody, plus 42 days for "custody conduct credit."

At sentencing in this case, the trial court determined that Marquette's 2007 California offenses of lewd and lascivious conduct could not be included in his Washington offender score. But, the court agreed with the State that the noncomparable California offense had "resulted in conviction and . . . significant incarceration," and therefore prevented washout of any of his previous offenses under RCW 9.94A.525(2)(c). The court therefore counted all 10 of the other felony convictions towards the offender score. Since the 4 convictions for taking a motor vehicle counted triple, his offender score was 18. RCW 9.94A.525(20). The court sentenced Marquette to a standard range sentence of 56 months of confinement. Marquette appeals

## DISCUSSION

The key issue in this case is whether an out-of-state conviction can prevent washout of a defendant's prior felony convictions under RCW 9.94A.525(2)(c). The issue is a question of statutory interpretation, which is a question of law this court reviews de novo. State v. Ervin, 169 Wn.2d 815, 820, 239 P.3d 354 (2010). When interpreting a statute, the court's objective is to determine the legislature's

2

intent. State v Jones, 172 Wn.2d 236, 242, 257 P.3d 616 (2011). We give effect to the statute's plain meaning when it can be determined from the statute's text. Id. If the statute is still susceptible to more than one interpretation after we conduct a plain meaning review, then the statute is ambiguous and we rely on statutory construction, legislative history, and relevant case law to determine legislative intent. Id.

RCW 9.94A.525(2)(c) governs when class C felony convictions may be included in a person's offender score. That statute provides, in relevant part,

> [C]lass C prior felony convictions . . . shall not be included in the offender score if, since the last date of release from confinement . . . pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.

RCW 9.94A.525(2)(c). In construing this section, our courts have broken it down into two clauses: a "'trigger'" clause, which identifies the beginning of the five year period, and a "'continuity/interruption'" clause, which sets forth the substantive requirements an offender must satisfy during the five year period.[1] Ervin, 169 Wn.2d at 821 (quoting In re Pers. Restraint of Nichols, 120 Wn. App. 425, 432, 85 P.3d 955 (2004)).

Marquette argues that he must be resentenced, because the trial court improperly calculated his offender score by failing to recognize that his prior felony

---

[1] A conviction for any crime which interrupts the five year period, does not simply pause the running of that period during incarceration, it starts a new five year period running upon return to the community. See Ervin, 169 Wn.2d at 821 ("Because Ervin was then convicted, this crime implicated the continuity/interruption clause, effectively resetting the five-year clock.").

convictions "washed out" pursuant to RCW 9.94A.525(2)(c). He argues that only an offense that is comparable to a Washington crime can interrupt the washout period for felonies under RCW 9.94A.525(2)(c). And, he asserts that, because his 2007 California conviction is not factually comparable to a Washington crime, the washout period for his earlier convictions ran from his 2007 release from felony confinement, and therefore he must be resentenced based on an offender score of zero.

The State disagrees with Marquette's framing of the case. It does not address the "continuity/interruption" clause argument. Instead it argues the issue involves application of the "trigger" clause of the statute. The State asserts that the trigger date is Marquette's 2015 release from custody in California for the lewd or lascivious offense. It argues that, because Marquette was confined in California for over a year, this satisfies the definition of a felony in RCW 9A.04.040(2).

It is the sole province of our state legislature to define criminal conduct in our state. See McInturf v. Horton, 85 Wn.2d 704, 706, 538 P.2d 499 (1975) ("The power to decide what acts shall be criminal, to define crimes, and to provide what the penalty shall be is legislative."). It defined crimes and classes of crimes:

> (1) An offense defined by this title or by any other statute of this state, for which a sentence of imprisonment is authorized, constitutes a crime. Crimes are classified as felonies, gross misdemeanors, or misdemeanors.
> (2) A crime is a felony if it is so designated in this title or by any other statute of this state or if persons convicted thereof may be sentenced to imprisonment for a term in excess of one year.

4

RCW 9A.04.040. The plain language of this statute does not encompass crimes defined by the law of other states or federal law that are not crimes under Washington law.

By contrast, when the legislature was addressing scoring offenses not committed in Washington for purposes of sentencing, it specifically addressed how to treat out-of-state convictions and federal convictions:

> Out-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law. Federal convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law. If there is no clearly comparable offense under Washington law or the offense is one that is usually considered subject to exclusive federal jurisdiction, the offense shall be scored as a class C felony equivalent if it was a felony under the relevant federal statute.

RCW 9.94A.525(3). The test for whether out-of-state crimes are also crimes in Washington—comparable crimes—is addressed in State v. Morley, 134 Wn.2d 588, 952 P.2d 167 (1998) and In re Pers. Restraint of Lavery, 154 Wn.2d 249, 111 P.3d 837 (2005). The court uses a two-part test. Lavery, 154 Wn.2d at 255.

First, the court analyzes legal comparability by comparing the elements of the out-of-state offense to the most comparable Washington offense. Morley, 134 Wn.2d at 605-06. Here, the parties agreed that Marquette's 2007 offense did not satisfy the legal prong of the test.

Second, if the offenses are not legally comparable, the court analyzes factual comparability. See Lavery, 154 Wn.2d at 255-57. Offenses are factually comparable when the defendant's conduct would have violated a Washington statute. Morley, 134 Wn.2d at 606. The court may rely on only facts that were

5

admitted, stipulated, or proved to the fact finder beyond a reasonable doubt. Lavery, 154 Wn 2d at 258. The State concedes that Marquette's guilty plea did not include facts that would make the offense comparable to child molestation in Washington. And, at sentencing, the trial court agreed with Marquette that, under Lavery, it could not look beyond the facts acknowledged in the guilty plea. Thus, the second prong of the test was not satisfied either.

The trial court applied that test and properly concluded that Marquette's 2007 lewd and lascivious conviction is not comparable to any Washington crime. But, the court then agreed with the State that the noncomparable California offense had "resulted in conviction and . . . significant incarceration," and therefore prevented washout of any of his previous offenses under RCW 9.94A.525(2)(c). This was error.

While the length of imprisonment referenced in RCW 9A.04.040(2) may make a crime a felony as opposed to a misdemeanor, the threshold question is whether the conduct is in fact a crime—a crime recognized under Washington law—not merely conduct that is criminal in nature. RCW 9A.04.040(1); RCW 9.94A.525(3). That determination is properly made under the comparability analysis. Under the comparability analysis, Marquette's crime in California was not a crime—let alone a felony crime—in Washington. Therefore, the State's argument that because Marquette's 2007 California conviction resulted in a sentence for more than a year, the underlying crime is a felony for purposes of the "trigger" clause, fails.

6

For the same reason, Marquette's argument, that the California offense is not comparable to a Washington crime and does not interrupt the washout period, is correct. The issue is addressed in State v. Crocker, 196 Wn. App. 730, 385 P.3d 197 (2016). In Crocker, the defendant had an Oregon drug conviction from March 2000, and an Oregon offensive littering conviction from September 2009. Id. at 733. The issue was whether the defendant's 2009 Oregon offensive littering conviction prevented his 2000 drug conviction from washing out under RCW 9.94A.525(2)(c). Id. at 734. On appeal, this court stated,

> When our legislature enacted the offender score statute, RCW 9.94A.525, it intended to "[treat] defendants with equivalent prior convictions in the same way, regardless of whether their prior convictions were incurred in Washington or elsewhere." Therefore, the legislature's intent that offenders be treated the same way applies equally to the washout provision. When an out-of-state conviction is alleged to interrupt the washout period under RCW 9.94A.525(2)(c), the trial court must determine whether the out-of-state crime or conviction is legally or factually comparable to a Washington offense.

Id. at 736 (alteration in original) (footnote omitted) (citation omitted) (quoting State v. Weiand, 66 Wn. App. 29, 34, 831 P.2d 749 (1992)). The parties agreed that Crocker's Oregon offensive littering conviction was not legally or factually comparable to a Washington felony or misdemeanor, and the only comparable Washington offense was a civil infraction. Id. at 736-37. Therefore, this court held that the out-of-state conviction was not "any crime" that interrupted the washout period. Id. at 737.

Here, the trial court correctly concluded that the 2007 California conviction was not comparable to a Washington crime, and therefore could not be included

in his offender score. Under the same reasoning, that crime is not a comparable Washington crime for purposes of the washout statute—for either the trigger clause or the continuity/interruption clause. It would be incongruous if only "comparable" out-of-state crimes are adequate to commence a washout period by virtue of the commission of a continuity/interruption "crime" (consistent with Crocker and Ervin), but a "noncomparable" out-of-state felony may trigger a washout period by virtue of a release from confinement pursuant to a "felony conviction." As a result, the trial court erred in finding that the substantial incarceration of the noncomparable California conviction precluded washout under RCW 9.94A.525.

Further, in supplemental briefing, Marquette argues that, because of his indigence, the trial court erred under State v. Ramirez, ___ Wn.2d ___, 426 P.3d 714 (2018) in imposing discretionary legal financial fees. On remand, the trial court should reconsider the criminal filing fee and criminal lab fee imposed on Marquette in light of Ramirez.

We reverse and remand to the trial court for resentencing.

Appelwick, C.J.

WE CONCUR: