# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>JACOB I. SCHMITT,<br><br>        Petitioner. | No.  52511-9-II<br><br>UNPUBLISHED OPINION |

CRUSER, A.C.J. — On May 9, 2018, Jacob I. Schmitt filed this timely personal restraint petition (PRP),[1] challenging his September 12, 2014 guilty plea convictions and sentence.[2] Because this is a timely, successive petition, we must transfer this PRP back to our supreme court.

## BACKGROUND

Schmitt entered his guilty pleas to second degree burglary and two counts of first degree theft on September 12, 2014. He appealed, and he simultaneously filed his first PRP in this court. We consolidated the appeal and Schmitt's first PRP.

In his appeal, Schmitt argued that a prior 1996 second degree robbery conviction, a strike offense, had washed out of his offender score despite the fact he had been convicted of a federal

---

[1] This is Schmitt's third PRP. *See State v. Schmitt*, 196 Wn. App. 739, 385 P.3d 202 (2016) (addressing appeal No. 46773-9-II, consol. No. 47706-8-II); Order Transferring Pet. to Sup. Ct., *Schmitt*, No. 52341-8-II (Wash. Ct. App. June 15, 2018); Ruling Dismissing PRP, *Schmitt*, No. 95968-4 (Wash. Aug. 1, 2018).

[2] Schmitt filed this petition with our supreme court. The court transferred this petition to us for initial consideration. Ruling Waiving Filing Fee and Transferring to Div. II, *Schmitt*, No. 95931-5 (Wash. June 7, 2018).

bank robbery in 2001, because the federal offense was not comparable to a Washington offense. *State v. Schmitt,* 196 Wn. App. 739, 742-44, 385 P.3d 202 (2016). In a part-published opinion, we rejected Schmitt's argument "that he was actually considered 'in the community' the entire time he was incarcerated on his federal bank robbery conviction because there is no comparable Washington offense for federal bank robbery" because the federal offense was considered a class C felony under RCW 9.94A.525(3).[3] *Id*. at 743-44.

Schmitt also argued that (1) his guilty plea was involuntary because he believed he risked conviction as a persistent offender if he went to trial on the original charges and this belief was incorrect because his 1996 second degree robbery washed out, and (2) his trial counsel's representation was ineffective based on his counsel's failure to advise him that he was not risking a conviction for a third strike offense. *Schmitt*, No. 46773-9-II, slip op. (unpublished portion) at 9, 12. [4] And in his consolidated PRP he argued that (1) the sentencing court miscalculated his offender score because the federal offense did not prevent some of his later offenses from washing out of his offender score and (2) his trial counsel was ineffective in failing to properly calculate his offender score, failing to advise him about the washout statute, and failing to argue that the 1996 robbery was not a strike offense. *Id.* at 12. Although we acknowledged that the sentencing court had excluded the federal offense from Schmitt's offender score after determining that there was no comparable Washington offense, we rejected these arguments because they were premised on the previously rejected washout argument. *Id.*

---

[3] The legislature has amended this statute twice since the date of Schmitt's offenses, but this subsection has not been changed. Former RCW 9.94A.525(3) (LAWS OF 2021 ch. 215 § 100; LAWS OF 2017 ch. 272 § 3). Accordingly, we cite to the current version of the statute.

[4] https://www.courts.wa.gov/opinions/pdf/D2%2046773-9-II%20Published%20Opinion.pdf.

Accordingly, we denied Schmitt's first PRP and affirmed Schmitt's judgment and sentence "except for the imposition of discretionary [legal financial obligations]." *Schmitt*, 196 Wn. App. at 740. The appeal mandated on May 12, 2017.

In March 2018, Schmitt filed a timely CrR 7.8 motion in the superior court. Ord. Transferring Pet. to Sup. Ct., *Schmitt*, No. 52341-8-II, at 2 (Wash. Ct. App. June 15, 2018). The superior court transferred the March 2018 motion to us for consideration as Schmitt's second PRP under CrR 7.8(c)(2). *Id.* at 2 n.1. Finding this second PRP successive, we transferred it to our supreme court. *Id.* at 2.

Meanwhile, on May 9, 2018, while his second PRP was before our supreme court, Schmitt filed this PRP in our supreme court. Our supreme court transferred the third PRP to us for consideration.[5] Ruling Waiving Filing Fee and Transferring to Div. II, *Schmitt*, No. 95931-5 (Wash. June 7, 2018).; *see also* Ruling Dismissing PRP, *Schmitt*, No. 95968-4 at 2 n.1 (Wash. Aug. 1, 2018).

On August 1, 2018, a supreme court deputy commissioner issued a ruling dismissing the second PRP. The deputy commissioner stated that Schmitt's arguments were "largely the same as those he made on direct appeal and in his first [PRP]." *Id.* at 3. The deputy commissioner concluded that Schmitt failed to show good cause for raising these issues again and failed to show that the interests of justice required reexamination of the issues. *Id.* at 3-4. The deputy commissioner further noted that Schmitt had made these same arguments in his petition for review of our decision

---

[5] In his reply, Schmitt asserts that this PRP was intended to be "consolidated" to his second PRP, so it is not actually a third PRP. Reply at 7. But our supreme court did not treat this third PRP as a supplement to the second PRP. Instead, the court refused to consolidate the third PRP with the second PRP and has treated it as a separate, third petition. We are bound by our supreme court's characterization of this petition as a separate, third PRP.

in his consolidated appeal and first PRP. *Id*. Additionally, the commissioner commented that the court had transferred Schmitt's third PRP to us—noting that in his third PRP Schmitt was "making substantially the same arguments about the effect of the federal bank robbery conviction" as he did in his second PRP. *Id.* at 2 n.1.

ANALYSIS

RCW 10.73.140 prohibits us from considering a successive PRP "unless the [petitioner] certifies that he or she has not filed a previous [PRP] on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous [PRP]." If the petitioner raises similar issues or fails to show good cause for failing to previously raise new grounds, we cannot consider the successive PRP on the merits. But if the successive PRP is timely, we must transfer the PRP to our supreme court for further consideration. *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 86-87, 74 P.3d 1194 (2003).

In this PRP, Schmitt argues that our opinion in his appeal and consolidated first PRP were wrongly decided for a variety of reasons and that our opinion *sua sponte* addressed several issues that his counsel did not have the opportunity to address in violation of his due process rights. He also argues that his trial counsel provided ineffective assistance of counsel by allowing Schmitt to plead guilty based on incorrect advice and information regarding whether one of his prior strike offenses had washed out. And he contends that because these issues were unavailable to him until after the appeal, he has good cause for not previously raising these issues.

But this is Schmitt's second PRP following his appeal. So, even if he was unable to raise these issues before the appeal, he was capable of raising them in his first PRP following his appeal, and Schmitt fails to establish good cause for failing to do so. And to the extent these issues are the

4

No. 52511-9-II

same as those raised in his first PRP following his appeal, Schmitt does not establish that the interests of justice require that we reexamine these issues.

Accordingly, we must transfer this timely, successive PRP back to our supreme court for further consideration.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Cruser, A.C.J.

We concur:

Veljacic, J.

Price, J.