# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

RONALD CHARLES MARKOVICH,

Appellant,

v.

STATE OF WASHINGTON,

Respondent.

No. 83827-0-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM. Ronald Markovich appeals the sentence imposed following a resentencing hearing. Markovich contends, and the State concedes, that the trial court erroneously calculated his offender score. We accept the State's concession of error and remand for resentencing.

<u>BACKGROUND</u>

In February 2020, a jury found Markovich guilty of possession of a controlled substance with intent to manufacture or deliver. Markovich's criminal history included two prior Montana convictions for Criminal Possession of Dangerous Drugs, one from 1996 and one from 2001. Based on an offender score of 8, the court sentenced Markovich to a high-end standard range sentence of 108 months of confinement plus 12 months of community custody.

Markovich subsequently sought resentencing pursuant to <u>State v. Blake</u>, 197 Wn.2d 170, 481 P.3d 521 (2021) (holding that Washington's strict liability drug

possession statute, was unconstitutional and void). We remanded for resentencing in a published opinion. See State v. Markovich, 19 Wn. App. 2d 157, 492 P.3d 206 (2021) (holding that under Blake, out-of-state possession convictions cannot be included in an offender score because they are not comparable to any valid Washington offense).

At the resentencing hearing in February 2022, the trial court determined that Markovich's void drug possession convictions interrupted the "washout" of four prior Montana convictions that were arguably comparable to class C felonies in Washington. Based on an offender score of 6, the court sentenced Markovich to 85 months of incarceration plus 12 months of community custody. Markovich appealed.

## DISCUSSION

The State must prove an individual's criminal history, including foreign convictions, by a preponderance of the evidence. State v. Collins, 144 Wn. App. 547, 554, 182 P.3d 1016 (2008). Class C felony convictions wash out if, after imposition of the sentence or release, five years pass without commission of a new crime. RCW 9.94A.525(2)(c). We review de novo the trial court's application of the relevant statutes to make sentencing determinations under the Sentencing Reform Act (SRA). In re Post Sentencing Review of Charles, 135 Wn.2d 239, 245, 955 P.2d 798 (1998).

Markovich contends, and the State concedes, that the trial court erred in finding that his 1996 and 2001 Montana drug possession convictions prevented washout of his four 1994 Montana convictions that are arguably comparable to

class C felonies under Washington's SRA. In State v. Marquette, 6 Wn. App. 2d 700, 707, 431 P.3d 1040 (2018), we held that a crime that is not comparable to a Washington crime does not interrupt the washout provision of RCW 9.94A.525(2)(c). Because Markovich's Montana drug possession convictions are no longer comparable to any valid Washington crime, they did not trigger the washout period.

We accept the State's concession and remand to the superior court to resentence Markovich with an offender score that comports with this court's decision in Marquette.[1] See State v. Wilson, 170 Wn.2d 682, 691, 244 P.3d 950 (2010) (remedy for miscalculated offender score is resentencing using correct offender score).

Remanded for further proceedings consistent with this opinion.

FOR THE COURT:

_____

Díaz, J.
_____

_____
Mann, J.

---

[1] Markovich also argues that the trial court erred in failing to consider whether his prior convictions constituted the same criminal conduct. Markovich did not raise this issue below, and we need not address it now. See RAP 2.5(a)(3) (on appeal, party may not raise claim of error not properly preserved at trial absent manifest constitutional error). However, Markovich may raise it at resentencing.